Nevin Shapiro
61311-050
Federal Prison Camp
Maxwell Air Force Base
Montgomery, AL 36112

*U.S. DISTRICT COURT*
*DISTRICT OF NEW JERSEY*
*RECEIVED*

2019 JAN 31  P 3:56

January 18, 2019

Clerk of the Court
United States District Court
    District of New Jersey (Newark)
U.S. Courthouse
50 Walnut Street
    Room 4015
Newark, NJ  07102
Attn:  Prison Inmate Correspondence

**RECEIVED**

**FEB - 1 2019**

**CHAMBERS OF**
**HONORABLE SUSAN D. WIGENTON**

United States Marshal
District of New Jersey (Newark)
50 Walnut Street
    Room 2099
Newark, NJ  07102

RE:   Restitution Balance
      2:10-cr-00471-SDW-1

Gentlemen:

    As part of my Judgment on a Criminal Case, the District Court ordered restitution in the amount of $82,657,362.29.
    To the best of my knowledge and belief, Joel Tabas (and the Trustee's attorney, Gary M. Freedman) in matter captioned In RE:  Capitol Investments USA, Inc. and Nevin Karey Shapiro, #09-36408-BKC-LMI, #09-36418-BKC-LMI, in the United States Bankruptcy Court for the Southern District of Florida (Miami), recovered approximately $45,000,000 ($35,000,000 as of April 26, 2013) (see letter attached) that was to have been turned over to the Clerk of the Court for distribution to the victims.
    In addition, at sentencing, the District Court entered a forfeiture order in the amount of approximately $38,000,000 (Sentencing Transcript, p. 47).  Between the forfeiture and the proceeds from the Bankruptcy Trustee, the entire restitution amount should be paid.
    I respectfully request that each of your offices investigate this matter and confirm the respresentations made herein.  In addition, I respectfully request that the Bureau of Prisons be notified as to the correct balance of restitution, as I have made

Clerk of the Court
United States Marshal
January 18, 2019
Page -2-

regular payments toward my restitution through the Inmate Financial Responsibility Program.

Finally, on or about July 5, 2018, I filed a Letter Request with the District Court (DE #44) seeking to determine the balance of my restitution. That matter was never addressed.

Thank you for your attention to this matter.

Respectfully,

*/s/ Nevin Shapiro*   61311-050

Nevin Shapiro   61311-050

cc:  Joel Tabas, Trustee
     Jacob Elberg, A.U.S.A.



# TABAS FREEDMAN
### Attorneys

One Flagler Building
14 Northeast First Avenue, Penthouse
Miami, Florida 33132

Telephone 305.375.8171
Facsimile 305.381.7708
www.tabasfreedman.com

Gary M. Freedman
gfreedman@tabasfreedman.com

April 26, 2013

Ad Hoc Committee on Attorney Admissions

Re:   Capitol Investments USA, Inc. (Case No.: 09-36408-BKC-LMI) and Nevin Shapiro (Case No.: 09-36418-BKC-LMI) (collectively, the "Debtors")

IN RE: REFERENCE TO AD HOC COMMITTEE ON ATTORNEY ADMISSIONS, PEER REVIEW AND ATTORNEY GRIEVANCE FOR THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Dear Sir/Ms.:

My name is Gary Freedman and I am writing at the request of Maria Elena Perez.

My firm has served as counsel for Joel Tabas since his appointment as Chapter 7 trustee of the jointly administered bankruptcy estates of Capitol Investments USA, Inc. and Nevin Karey Shapiro in December 2009. I have served as lead counsel since the commencement of the representation. Based on the nature of these cases, Mr. Tabas's principal charge, and by virtue of our representation of him, our charge, has been to recover the losses suffered by the lenders/investors in the Capitol Ponzi scheme.

At the time that we became involved in this matter, Mr. Shapiro was represented in the bankruptcy cases by Peter Valori of Damian & Valori and represented in his criminal matters by Guy Lewis and Michael Tein of Lewis Tein. Sometime in April 2010, Maria Elena Perez substituted for Lewis Tein as Mr. Shapiro's criminal counsel. At that point, Mr. Shapiro indicated that he intended on cooperating with the Trustee in his recovery efforts and, ultimately, with the assistance of Ms. Perez, executed on behalf of the Trustee a waiver of his attorney-client privilege so that the Trustee would be able to expand his investigation.

Ad Hoc Committee on Attorney Admissions
April 24, 2013
Page 2

    Since April 2010, Mr. Shapiro has cooperated with our recovery efforts. That cooperation has been aided by Ms. Perez in various ways, including facilitating communications with Mr. Shapiro and providing us documents that have assisted the Trustee's recovery efforts. Among other things, Ms. Perez has:

(1) attended all day sessions observing us interview Mr. Shapiro regarding the circumstances of the Capitol Ponzi scheme, the participants in the scheme, the aiders and abettors in the scheme, the nature and sources of the investments in the scheme and potential questions for depositions of third parties;

(2) attended certain Rule 2004 examinations; and

(3) provided relevant documents which were instrumental in recovering $400,000 from Lewis Tein.

    To date the Trustee has recovered approximately $35 million. We will need to recover approximately another $60 million to make the creditors whole. The Trustee has one last major claim in litigation with respect to which Mr. Shapiro and Ms. Perez have, to date, provided assistance.

    Over the past three years, Mr. Shapiro's expressed motivation for cooperating with the Trustee has been:

(A) to make the victims of the scheme financially whole again and likewise reduce the amount of restitution owed by Mr. Shapiro in his criminal case; and

(B) to attempt to reduce his sentence.

    With respect to the funds we recovered from the University of Miami – both for direct disbursements to the University and for the benefits received by the University's student athletes – were the result of claims made by us for the recovery of its receipt of fraudulent conveyances derived from the Ponzi scheme under bankruptcy and state law. None of our efforts in this regard related to any expression by Mr. Shapiro of his seeking to exact revenge on the University of Miami nor has he ever expressed such a sentiment to us.

    When Mr. Shapiro commenced cooperating with us, he expressed a desire for us to conduct the Rule 2004 examinations of Sean Allen and Michael Huyghue, among others. We declined. Thereafter, we were aware that Ms. Perez was conducting the Rule 2004 examinations of Mr. Allen and Mr. Huyghue. My colleague, Andrea Rigali, listened telephonically to the Rule 2004 examination of Michael Huyghue.

    We were not contacted by the NCAA until the Friday evening before the scheduled Monday Rule 2004 examination of Marc Levinson of Shook, Hardy & Bacon,

Ad Hoc Committee on Attorney Admissions
April 24, 2013
Page 3

and that was only to inform me that an NCAA representative planned on attending the examination if there was no objection. As Rule 2004 examinations are open to the public, we did not oppose his attendance. Based upon the NCAA representative's request, we provided him copies of the transcripts of Marc Levinson and Steve Naclerio. The only other contact we had with the NCAA was by Mr. Weinstein and his colleague with respect to his investigation of the matters relating to the NCAA's relationship with Ms. Perez.

Very truly yours,

Gary M. Freedman

cc: Joel L. Tabas
Andrea L. Rigali
Maria Elena Perez (via e-mail)

